**In re PAUL F.**

**No. 87–211–Appeal.**

Supreme Court of Rhode Island.

June 28, 1988.

---

Stephen J. Capineri, Capineri & Crowley, Pawtucket, for plaintiff.

James Murray, Pawtucket, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a judgment of the Family Court determining that the respondent was wayward in that he committed malicious damage to an automobile. We reverse. The facts of the case insofar as pertinent to this appeal are as follows.

Richard Addison had over a period of time a possibly romantic relationship with Catherine Ferguson, respondent's mother. After Addison's marriage Mrs. Ferguson attempted to terminate the relationship, but Addison continued to come to her home without invitation, harassed her, followed her to and from work, and attempted to run her off the road on a number of occasions. As a result of this conduct, Mrs. Ferguson sought and obtained a restraining order that was issued by the Superior Court September 22, 1986. This order in general enjoined Addison from "interfer-ing, molesting or contacting Mrs. Ferguson at her home, place of work, [or] on the street."

Despite this order Addison continued his attempts to contact Mrs. Ferguson and she complained to the police on several occasions in an effort to secure enforcement of the restraining order. However, on each occasion the police would reply that they would have to catch Addison in the act or have more persuasive evidence in order to charge him with violation of the order.

With this set of circumstances as background, Addison drove to Mrs. Ferguson's house on November 27, 1986, Thanksgiving day, went to the door of her apartment and, when he was not admitted, kicked in the door and advanced toward Mrs. Ferguson in a threatening manner. The respondent, her son, intervened and attempted to restrain Addison. Although Paul had a baseball bat in hand, it is not entirely clear whether he used the bat upon Addison or whether the two struggled and exchanged blows with their fists. In any event Mrs. Ferguson called the police, and Addison, having learned that the police were on their way, hurriedly attempted to leave the premises. He had driven to Mrs. Ferguson's home in an automobile registered in his wife's name and had apparently left the engine running while he entered the premises.

As Addison left Mrs. Ferguson's home, he tipped over her table and knocked her Thanksgiving dinner to the floor. Paul pursued Addison down the stairs and attempted to prevent his departure. As a means of preventing Addison from leaving, Paul admitted that he broke the windshield and the windows in the automobile. The trial justice also found that he dented the hood of the car as well. This damage was apparently accomplished by use of the baseball bat.

The trial justice found that in confronting Addison in his home, Paul was acting in defense of the home and that he was privileged to do so but that when Addison left the home, Paul became the aggressor and went beyond the use of reasonable force in

attempting to restrain Addison from leaving.

■ We respectfully disagree. We are of the opinion that when Addison kicked in the door of Mrs. Ferguson's apartment and entered the apartment, he committed a felony in violation of G.L. 1956 (1981 Reenactment) § 11-8-2, as amended by P.L. 1985, ch. 426, § 1, which provides a penalty of up to five years' imprisonment for breaking and entering at any time of the day or night any dwelling house or apartment.[1] Obviously Paul was privileged to defend his home and was further privileged to seek to restrain the felon. The General Assembly of this state has by virtue of § 11-8-8, as amended by P.L. 1984, ch. 212, § 1, created a presumption in favor of one who defends his home against a person who feloniously enters in the event that the malefactor sustains a personal injury or dies. The presumption is that the victim's action in repelling the invader was in implementation of the right of self-defense.

At common law the right of a citizen to arrest a felon without warrant was recognized. See Restatement (Second) of Torts § 119 at 194 (1965). We presume that Paul did not read the Restatement of Torts prior to attempting his pursuit and restraint of Addison. We also believe that Paul may not have taken all the steps suggested in the restatement, such as manifestation of his intent to arrest, as opposed simply to inhibiting Addison's escape. We are further aware that Paul came before the Family Court not as a tort-feasor but as one accused of a quasi-criminal offense.

■ We also recognize that the trial justice found that Paul's action in damaging the car may not have been reasonable in the circumstances since he might have prevented the movement of the automobile simply by removing the key from the ignition. Obviously the method recommended by the trial justice would have been the better course and would have avoided the damage to the motor vehicle. However, we must consider the reasonableness of Paul's conduct in light of the conditions and circumstances as they existed on that day. An invasion of Paul's home, as found by the trial justice, took place without warning. Violence erupted within the home, and then the felon attempted to escape. Paul, although more than six feet tall, was only seventeen years of age. His entire attention was focused upon holding Addison until the police arrived. Conduct that is deemed to be reasonable may be determined with twenty-twenty hindsight in the calm atmosphere of a courtroom. Whether Paul's actions were reasonable must be determined in regard to the turbulent and threatening behavior to which he was subjected without fault on his part. See Martin v. Estrella, 107 R.I. 247, 253, 266 A.2d 41, 46 (1970) (the permissible degree of force used in self-defense depends on that which is necessary in all the circumstances). See also 1 Wharton, Criminal Law and Procedure, § 350 at 701-02 (Anderson ed. 1957) (question is not whether force used was actually necessary or whether some other or lesser force might have been adequate to the defendant's emergency but whether he had in all the circumstances reasonable cause to believe and did believe that such force was necessary to protect himself from impending danger). We do not believe that we should scrutinize Paul's actions in a microscopic analysis so as to seek out flaws in his conduct. Rather we should view the disruptive and emotional furor that was created by Addison as the events must have appeared to Paul at the time.

Viewed in this light, in our opinion, Paul's actions were not unreasonable, though perhaps within a calmer atmosphere and with the opportunity to consider alternative courses of conduct, a reasonable man of mature judgment might have come to a different conclusion regarding the propriety of disabling the vehicle. It should also be noted that no evidence exists that Paul knew that this automobile was not owned by Addison as well as being

---

1. It is interesting to note that Addison was apparently not charged with this felony but only with violation of the restraining order.

under his control. By utilizing the vehicle in a criminal enterprise, Addison took upon himself the risk of damage that might result.

Taking all of this into account, we are of the opinion that the trial justice erred in finding Paul's actions to amount to an offense that would have been criminal if it had been committed by an adult. We are of the opinion that in the circumstances, Paul's actions were not unreasonable. Indeed it may have been preferable to damage the vehicle rather than to wreak violence upon Addison's person.

This is an unfortunate example of transforming the felon into a victim and the victim into a criminal. We cannot permit this result to stand.

In view of our reversing the finding of waywardness, it is unnecessary to reach the question of the court's order of restitution.

For the reasons stated, the appeal of the respondent is sustained, the judgment of waywardness is reversed, and the papers in the case may be remanded to the Family Court with directions to enter a judgment in favor of the respondent.